# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CHRISTOPHER THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) CV418-300 |
| JDL INVESTMENTS, LLC, d/b/a Houlihan's, and HOULIHAN'S | ) |
| Defendants. | ) |

## ORDER

Plaintiff has filed a complaint for employment discrimination against his former employer. Doc. 1. Having granted his request to pursue this case in forma pauperis (IFP), doc. 3, the Court now screens Thompson's complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires the immediate dismissal of any IFP complaint that fails to state at least one actionable claim.[1]

Plaintiff—an African American—alleges that he was employed as a cook at Houlihan's in Savannah, Georgia when he experienced a

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915, *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010)), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

debilitating round of vertigo. Doc. 1 at 7. As a result, he called out of work. *Id.* He was subsequently terminated for violating company policy by "failing to call out in time frame." *Id*. at 8. He alleges that several "mixed race" and caucasian individuals violated this company policy but were able to keep their positions. *Id.* Liberally construing his complaint, and granting Thompson the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that he has arguably stated claims for discrimination under Title VII. *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006) ("To establish a *prima facie* case for disparate treatment in a [] discrimination case, the plaintiff must show that: (1) []he is a member of a protected class; (2) []he was subjected to an adverse employment action; (3) [his] employer threatened similarly situated employees outside of her protected class more favorably that she was treated; and (4) [he] was qualified to do the job.").[2]

---

[2] A plaintiff must exhaust his administrative remedies before filing suit. To that end, Thompson must have timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); *see also Minix v. Jeld-Wen, Inc.*, 237 Fed. App'x. 578, 588 (11th Cir. 2007) (per curiam) (noting that a proper EEOC charge is "a prerequisite to suit"). Failure to comply with these requirements can result in the dismissal of a case. *Burns v. Zadach*, 2009 WL 136065, at *1 (S.D. Ga. Jan. 20, 2009). Further, a plaintiff proceeding under Title VII must file a civil action in the appropriate district court within 90 days of receiving a right-to-sue letter from the EEOC. *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (citation omitted). Here,

Because at least one of plaintiff's claims survives frivolity review, the Clerk is **DIRECTED** to forward a copy of this Order along with plaintiff's Complaint to the Marshal for service upon the defendants. *See* Fed. R. Civ. P. 4(c)(3) ("The court *must* [order a United States marshal or deputy marshal to effect service] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." (emphasis added)).

**SO ORDERED,** this 29th day of April, 2019.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

plaintiff filed a complaint with the EEOC on March 14, 2018 and received his right to sue letter on September 18, 2018. Doc. 1-1. He appears to have timely filed this complaint on December 14, 2018. Doc. 1. Thus, at least of the face of the complaint, it appears that plaintiff has exhausted his administrative remedies.